UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRINA M. ANGLEMYER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:19-cv-00414 |
| DIVERSIFIED CONSULTANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Trina M. Anglemyer ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Diversified Consultants, Inc. ("Defendant" or "Diversified") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Indiana, a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana, and Defendant conducts business in the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the conduct giving rise to these claims. Plaintiff contracted to receive cellular telephone services through Verizon Wireless.

7. Plaintiff was making monthly payments on her cellular services, until she became displeased with Verizon Wireless's services. Therefore, Plaintiff canceled her services with Verizon Wireless.

8. After Plaintiff canceled her services, there remained a balance of roughly $4000.00 ("subject debt").

9. Due to Plaintiff's finances, Plaintiff was unable to satisfy the subject debt resulting in default.

10. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt while it was in default.

11. In or around May 2019, Plaintiff began receiving unfamiliar collection calls to her cellular telephone number, (574) XXX-8466 from Defendant.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

13. Around the time the calls began, Plaintiff answered a call from Defendant and told Defendant to stop calling her as Defendant's calls caused her to experience a great amount of annoyance.

14. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff on her cellular phone.

15. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between May 2019 and the present day.

16. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

20. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times, with such frequency as can be reasonably expected to harass.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

22. The phone numbers that Defendant most often uses to contact Plaintiff are (260) 818-8547, (260) 818-8747, (260) 797-0158, and (260) 797-0298, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

23. Furthermore, at no time did Defendant send Plaintiff any written correspondence notifying her of her rights pursuant to 15 U.S.C. §1692g.

## DAMAGES

24. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

25. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair and harassing actions.

26. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular

telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

33. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

35. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), g, and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

36. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told

to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

37. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

38. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b.  **Violations of  FDCPA § 1692d**

39. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

40. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone, using an automated telephone dialing system without Plaintiff's consent.

    c.  **Violations of  FDCPA § 1692f**

41. Defendant violated §1692f by unfairly harassing Plaintiff with numerous phone calls to her cellular phone in hope of annoying her to the point where she would break down and make a payment on the subject debt.

42. As pled above, Plaintiff was severely harmed by Defendant's conduct.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

44. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

45. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

### d. Violations of FDCPA § 1692g

46. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

47. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

**WHEREFORE**, Plaintiff TRINA M. ANGLEMYER respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

50. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

51. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

52. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

53. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between May 2019 and the present day, using an ATDS without her prior consent.

54. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Defendant, through its agents, representatives, vendors, third-party contractors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff TRINA M. ANGLEMYER respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 29, 2019                                          Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com